W. H. MEADE, Respondent, v. F. C. WEED *et al.*, Appellants.

Kansas City Court of Appeals, May 11, 1891.

1. **Appellate Practice:** PRESUMPTION AS TO INSTRUCTION. If refused instructions appearing in the abstract of appellant contain correct declarations of law, the appellate court must assume that their substance was included in others that were given, nothing to the contrary appearing in the abstract.

2. **Deceit:** EVIDENCE: INSTRUCTION. The evidence in this case *held* not to justify an instruction set out in this case.

*Appeal from the Jackson Circuit Court.*—HON. J. H. SLOVER, Judge.

AFFIRMED.

*Albert Young* and *Kagy & Bremmerman*, for appellants.

(1) Where a party even innocently and by mistake misrepresents a material fact, upon which another is induced to act, it is the same as a false assertion knowingly made; or, if made by a party not knowing whether it was true or false, it affords good ground for relief as a wilfully false assertion. It follows in this case, that Meade having stated to plaintiffs that the renewal lists were not in the hands of any other person was bound by such statements whether he knew the truth or falsity of his assertions, if such statements were one of the inducing causes of the execution of the contract sued on. Bigelow on Fraud, sec. 3, p. 57; *McBeth v. Craddock*, 28 Mo. App. 380; *Dulaney v. Rogers*, 64 Mo. 201; *Caldwell v. Henry*, 76 Mo. 254–260; *Raley v. Williams*, 73 Mo. 310. (2) A litigant has a right to an instruction placing before the jury in plain and direct terms

every legal phase of his case which is justified by the evidence. And if there is any evidence from which the jury may infer them (facts) it is the duty of the court to declare the law thereon. *Cahn v. Reid*, 18 Mo. App. 131; *Flournoy v. Andrews*, 5 Mo. 513; *Bradford v. Pearson*, 12 Mo. 71.

*J. F. Perdue*, for respondent.

(1) There was no evidence in the case that Stephenson or any other person had the renewal lists sold by the plaintiff to the defendant, and it would have been error for the court to have submitted this instruction to the jury. *Bean v. Railroad*, 20 Mo. App. 641; *White v. Cheney*, 20 Mo. App. 389; *Sheedy v. Streeter*, 70 Mo. 679; *Skiles v. Bollman*, 85 Mo. 35. If the instruction asked for had been given it would have been outside the issues, the pleading and the evidence. Instructions must be predicated on the pleading and the evidence. *Budd v. Hoffheimer*, 52 Mo. 279. The instructions asked for would be inconsistent with the defense, and would submit a defense not made by the answer, and was properly refused. *Nugent v. Curran*, 77 Mo. 232; *Mosman v. Bender*, 80 Mo. 579. While defendants' first proposition may be correct as an abstract legal proposition, yet the facts as they there state them are not supported, either by the evidence or the pleadings.

ELLISON, J.—This action is based on an agreement to pay $900 for certain "renewals of the North American Accident (Insurance) Company." The defense was fraudulent representations material to the contract. The judgment was for plaintiff, and defendants appeal.

The sole complaint here is that the court refused the following instructions: "If the jury believe from the evidence that the sale of the lists was made under a representation that said lists were in the hands of no

other person or persons ; that at the time said representation was made said plaintiffs had no knowledge whatever as to whether other persons had said lists, but asserted as a fact that they had not, and if the jury further believe from the evidence that said lists were in the hands of one Stephenson at the time said contract was made, and said representation put forth, then the plaintiff cannot recover.''

We gather from briefs of counsel that other instructions were given on the question of false and fraudulent representations, but only the one above set out has been set out in appellants' abstract. If this one contains a correct declaration as applied to the case, we must assume that its substance was included in others that were given. Nothing to the contrary appearing, we presume the circuit court gave proper instructions. If it did not, it was appellants' duty to make it apparent. They should have set out the other instructions.

We have, however, examined the testimony, and do not find that it would, as presented to us, have justified the instruction. The judgment will be affirmed. All concur.